**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Athans, Jr., | No. CV-06-1841-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Starbucks Coffee Co., | |
| Defendant. | |

Pending before the Court is Defendant Starbucks Coffee Co.'s motion to dismiss all claims asserted by Plaintiff James Athans, Jr., or, in the alternative, for a more definite statement. Dkt. #5. For the reasons set forth below, the Court will grant the motion to dismiss and deny the motion for a more definite statement.

**I.    Background.**

Plaintiff commenced this action by filing a pro se complaint against Defendant on June 26, 2006 in Arizona state court. Dkt. #1 Attach. 1. Defendant removed the action to this Court on July 26, 2006. Dkt. #1. Plaintiff alleges various claims against Defendant and seeks $100 million in compensatory damages and $50 million in punitive damages. *Id.* Attach. 1. Pursuant to Federal Rule of Civil Procedure 8, Defendant moves the Court for an order dismissing Plaintiff's complaint for vagueness because it does not allege the date or location of the alleged claims, nor a short, plain statement of the claim showing that Plaintiff is entitled to relief. Dkt. #11 at 2.

/ / /

**II.     Defendant's Motion to Dismiss.**

     **A.     Pleading Standard.**

The pleading requirements of Rule 8(a)(2) are minimal. The rule requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Nevertheless, the pleading must "set[] forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). "[P]ro se pleadings should be read more liberally than pleadings filed by attorneys, and even if the complaint is unartfully pleaded, the court should try to discern a cause of action." *Williams v. Holiday Inn*, 295 F. Supp. 2d 27, 29 (D.D.C. 2003) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (same).

     **B.     Analysis.**

Defendant argues that Plaintiff's complaint is vague and ambiguous, preventing Defendant from forming a response. Dkt. #5 at 1. Plaintiff argues that the complaint meets the requirements of Rule 8, but provides additional information regarding Defendant's purported conduct in his responses, including a list of ten store locations where the purported conduct occurred, identification of the allegedly responsible parties as all Defendant employees at the listed locations, and an assertion that the conduct occurred from July 2005 through August 2006. Dkt. ##6 at 1-3, 12 at 2. This additional detail will not aid Plaintiff in opposing Defendant's motion, however, because "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); *see Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Specifically, "a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) (citing *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993)).

/ / /

/ / /

1.     **Causes of Action in Plaintiff's Complaint.**

    a.     **Slander and Libel Claims.**

Plaintiff accuses Defendant of engaging in "a broad and sweeping campaign of slander, libel, [and] misinformation in which the reputation of plaintiff was damaged irrevocably" in multiple, unspecified stores throughout Maricopa County. Dkt. #1 Attach. 1. This averment states the basic nature of Plaintiff's claim – slander and libel – but fails to identify where the wrongful conduct occurred. "Multiple Stores in the Maricopa County Area" could include literally hundreds of possible locations. The claim also fails to identify what was said or written, by whom, when, and how Plaintiff was injured. This claim is too imprecise to enable Defendant to frame a response and therefore fails to satisfy the basic requirements of Rule 8.

    b.     **Law Enforcement Activities Claim.**

Plaintiff accuses Defendant of "host[ing], solicit[ing], and participat[ing] in numerous operations of law enforcement activities against plaintiff." Dkt. #1 Attach. 1. Defendant asserts that this statement does not state any known claim in Arizona. Dkt. #11 at 2. The Court agrees that this allegation, as stated, does not state a valid claim. If Plaintiff is seeking to claim that Defendant conspired with law enforcement officers to violate his civil rights, he has failed. "[A] claim for conspiracy to violate one's constitutional rights under section 1983 [] must state specific facts to support the existence of the alleged conspiracy. . . . 'Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.'" *Johnson v. McDonald*, 3 P.3d 1075, 1081 n.2 (citing *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989)).

    c.     **Plaintiff's Welfare and Safety Claim.**

Plaintiff accuses Defendant of "allow[ing], encourag[ing] and help[ing] to create an environment in which the welfare and safety of plaintiff was seriously compromised." Dkt. #1 Attach. 1. Defendant asserts that this statement does not state any known claim in Arizona. Dkt. #11 at 2. The Court agrees. In addition to a complete lack of factual detail, no legal basis for liability is stated.

### d. "Doping" of Plaintiff's Beverages Claim.

Plaintiff accuses Defendant of "doping" his beverages resulting in physical harm. Dkt. #1 Attach. 1. Plaintiff does not specify a legal theory for this assertion, nor does he state when, where, how, or by whom the alleged wrong occurred. This averment is not sufficiently detailed for Defendant to frame a response.

### e. Viewing and Sharing of Plaintiff's Photographs Claim.

Plaintiff accuses Defendant of "viewing and sharing [] photos of Plaintiff (of a personally compromising nature)" which "could only have been obtained from illegal in home police surveillance." Dkt. #1 Attach. 1. Plaintiff does not state his theory of liability for the alleged viewing or sharing, nor does he state where, when, how, or by whom the photographs were viewed or shared. The allegation is too imprecise for Defendant to frame a response.

## 2. Leave to Amend Complaint.

Pro se litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (same); *see also Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("We are very cautious in approving a district court's decision to deny pro se litigants leave to amend.") (citing *Lucas*, 66 F.3d at 248-49); *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996) ("As a general matter, this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy.").

The Court will grant Plaintiff **30 days'** leave to amend his complaint if he chooses to do so. The amended complaint must set forth his claims and the basis for Defendant's liability with sufficient clarity to enable Defendant to frame a response. The factual detail contained in Plaintiff's responses demonstrates that he possesses additional information that was not included in his original complaint.

/ / /

Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure, which provides in part:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a). Rule 8(e) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1).

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. The Court also advises Plaintiff that if he chooses to file an amended complaint, it must assert every claim found in the original complaint, supplemented with additional valid causes of action. Any claim that is not reasserted will be waived. *See* **Fed. R. Civ. P. 15; LR Civ. 15.1;** *King v. Atiyeh,* **814 F.2d 565, 567 (9th Cir. 1987)** ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. . . . Pro se litigants must follow the same rules of procedure that govern other litigants.") (citations omitted).

**III.     Defendant's Motion for a More Definite Statement.**

Defendant's request for a more definite statement is moot in light of the Court's dismissal of Plaintiff's complaint with leave to amend. The motion will therefore be denied.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Dkt. #5) is **granted**, but his motion for a more definite statement (Dkt. #5) is **denied** as moot.

2. Plaintiff may file an amended complaint in compliance with this order by **November 10, 2006**.

DATED this 12th day of October, 2006.

*/s/ Daniel G. Campbell*
———————————————————
David G. Campbell
United States District Judge

- 5 -