**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Athans, Jr., | No. CV-06-1841-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Starbucks Coffee Co., | |
| Defendant. | |

Defendant has filed a motion to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. #17. For the reasons set forth below, the Court will grant the motion in part and deny it in part.

**I.    Background.**

Plaintiff commenced this action by filing a *pro se* complaint against Defendant on June 26, 2006 in Arizona state court. Defendant removed the action to this Court on July 26, 2006. Plaintiff asserted various claims against Defendant and sought $100 million in compensatory damages and $50 million in punitive damages. Dkt. #1, Attach. 1.

On July 27 2006, Defendant filed a motion to dismiss the complaint for failure to comply with the pleading requirements of Rule 8. Dkt. #5. Defendant argued that Plaintiff's complaint was vague and ambiguous, preventing Defendant from forming a response. *Id.* at 1. In response to the motion, Plaintiff provided additional information regarding Defendant's purported wrongful conduct. Dkt. ##6 at 1-3; 12 at 2.

The Court granted the motion to dismiss. Dkt. #13. The Court concluded that the complaint failed to state claims for relief due to a complete lack of factual detail and any articulated legal basis for Defendant's alleged liability. *Id.* at 2-4. The Court provided Plaintiff with notice of the complaint's deficiencies and granted leave to amend. *Id.* at 4-5.

Plaintiff filed his amended complaint on November 9, 2006. Dkt. #14. Construed liberally, the amended complaint purports to allege a conspiracy claim against Defendant and underlying claims of slander, libel, unlawful "doping" of beverages, illegal surveillance, and undercover "sting" operations. *Id.* Defendant argues in the instant motion that the amended complaint fails to cure the defects in the original complaint and must likewise be dismissed under Rule 12(b)(6). Dkt. #17 at 10. Plaintiff does not address these arguments in his response. Rather, Plaintiff requests only that the Court consider the fact that Plaintiff is proceeding *pro se*. Dkt. #22.

**II.    Motion to Dismiss Standard.**

A complaint may be dismissed under Rule 12(b)(6) "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When analyzing a complaint for failure to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). The court may not assume that the plaintiff can prove facts different from those alleged in the complaint. *See Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

**III.    Analysis.**

   **A.    Slander and Libel.**

Slander and libel are included in the tort of defamation, which has four elements:

   (a) a false and defamatory statement concerning another;

> (b) an unprivileged publication to a third party;
> (c) fault amounting at least to negligence on the part of the publisher; and
> (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

Restatement (Second) of Torts § 558 (1977); *see Peagler v. Phoenix Newspapers, Inc.*, 560 P.2d 1216, 1220 (Ariz. 1977) (en banc) (following Restatement); *Boswell v. Phoenix Newspapers, Inc.*, 730 P.2d 178, 180 (Ariz. Ct. App. 1985) (same).

The Court's previous order informed Plaintiff that he must "identify what was said or written, by whom, when, and how Plaintiff was injured." Dkt. #13 at 3. Plaintiff's amended complaint identifies the general nature of the allegedly defamatory statements: "that Plaintiff was a stalker, serial killer, woman dismemberer [sic], child molester, government subversive, etc." Dkt. #14 at 2. The amended complaint also asserts that law enforcement agents made the false statements, but that the statements were "perpetuated by the employees at Starbucks and from there extended into the customer base." *Id.*

Plaintiff does allege that two of his friends, Connie Roberts and John Jackson, were approached by employees of Defendant and by federal agents, but the amended complaint does not identify the employees, their actions (whether they made statements and, if so, what was said), or the time and place of their actions. *Id.* Moreover, Plaintiff provides no allegation as to why Defendant should be held liable for the actions of the employees in question – whether their actions were known to Defendant, were within the course and scope of their employment, and similar facts. *See Baker ex rel. Hall Brake Supply, Inc. v. Stewart Title & Trust of Phoenix*, 5 P.3d 249, 254 (Ariz. Ct. App. 2000) ("An employer is vicariously liable for the negligent or tortious acts of its employee acting within the scope and course of employment . . . Conduct falls within the scope if it is the kind the employee is employed to perform, it occurs within the authorized time and space limits, and furthers the employer's business even if the employer has expressly forbidden it.").

The Court recognizes that this claim is governed by the notice pleading standards of Rule 8, not the more demanding standards of Rule 9, but the Court concludes that the allegations are still so vague and conclusory that they fail to provide Defendant with fair

notice of the claim against it. The Court therefore will grant the motion to dismiss with respect to Plaintiff's slander and libel claims.

### B. Undercover Operations and Surveillance.

Plaintiff alleges that Defendant participated in "numerous undercover and illegal sting operations" including surveillance. *Id.* at 1. This is not a recognized cause of action, nor is it supported by any facts from which the Court could reasonably find a cause of action. The only relevant facts describe an incident where a policeman drove up to the curb near a Starbucks, showed two employees something on his video monitor, after which they looked back in Plaintiff's general direction. *Id.* at 6. Plaintiff alleges that he later overheard the employees say that the monitor had shown "photos of a compromising nature," and that such photos "could only have been obtained by illegal in home surveillance." *Id.* (emphasis in original). Alleging that two Starbucks employees viewed photos of an unknown subject at the request of a police officer does not implicate Defendant in illegal undercover operations, even if there were such a cause of action.

### C. Doping.

The Court's previous order instructed Plaintiff that his allegation of doping lacked a specific legal theory as well as facts describing "when, where, how, or by whom the alleged wrong occurred." Dkt. #13 at 4. Plaintiff's amended complaint alleges that Defendant's employees treated him differently than other customers, "getting his coffee off to the side from a different urn." Dkt. #14 at 3. Defendant alleges that these incidents were followed within hours "by bouts of diarhea [sic] (within 2 to 3 hours) and were sometimes accompanied by unexplained fevers that might last for days." *Id*. Plaintiff "suspects" that he was administered a drug – "some sort of Anti-Testosterone/chemical" – in collaboration with law enforcement to prevent him from stalking. *Id*. at 3-4. He asserts that six commercial establishments in addition to Defendant, none of whom is sued in the amended complaint, were "part of a doping campaign." *Id*. at 5. Plaintiff alleges that he is a weight lifter and fitness enthusiast and "has noticed a marked decrease in his strength levels during this time period as well as a series of chest pain incidents." *Id.* at 4.

1  Although Plaintiff's amended complaint does not directly address the factual basis for
2  Defendant's liability for such actions, it does allege that the drugs were administered at one
3  or more of Defendant's stores and by its employees. *Id.* at 3. These allegations are sufficient
4  to suggest that the conduct occurred within the course and scope of the employees'
5  employment. The amended complaint also generally alleges that Defendant knowingly
6  participated in the efforts of law enforcement to injure Plaintiff, including through the alleged
7  doping.

8  Plaintiff does not allege the legal basis for this claim, but it appears quite clearly to
9  be a tort claim for assault and battery. When a party is proceeding pro se, pleadings are to
10 be construed liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Eldridge v. Block*, 832
11 F.2d 1132, 1137 (9th Cir. 1987). The Court concludes that Plaintiff's amended complaint,
12 read liberally, states a claim for assault and battery.

13 Plaintiffs allegations – that Defendant knowingly participated in a federal and state
14 law enforcement scheme to poison him – seem unlikely at best. But that is not the test under
15 Rule 12(b)(6). The Court at this stage is required to presume that Plaintiff's allegations are
16 true. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). Given that
17 presumption, the Court concludes that Plaintiff has stated a claim for the tort of assault and
18 battery.

19 **D.  Section 1983 Conspiracy.**

20 In ruling on Defendant's first motion to dismiss, the Court construed Plaintiff's
21 conspiracy allegation as a claim of conspiracy to violate civil rights under 42 U.S.C. § 1983.
22 Dkt. #13. The Court informed Plaintiff that he must allege specific facts to support such a
23 claim, not mere vague conclusions. *Id.* at 3.

24 "To state a claim for relief in an action brought under § 1983, [plaintiffs] must [allege]
25 that they were deprived of a right secured by the Constitution or laws of the United States,
26 and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut.*
27 *Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Plaintiff fails to allege specific constitutional
28 rights that have been violated, but allegations of intentional poisoning suggest either a Fourth

1   or Fourteenth Amendment violation.  *See P.B. v. Koch*, 96 F.3d 1298, 1303 n.4 (9th Cir.
2   1996) ("[A] citizen being arrested or investigated is protected from excessive force by the
3   Fourth Amendment."); *Armendariz v. Penman*, 75 F.3d 1311, 1319 (9th Cir. 1996) (en banc)
4   ("[T]he Fourteenth Amendment protects against a State's interferences . . . with an
5   individual's bodily integrity"); *Plumeau v. Sch. Dist. #40 County of Yamhill*, 130 F.3d 432,
6   438 (9th Cir. 1997) ("[Plaintiff] had a right to be free from state-imposed violations of bodily
7   integrity.") (citing *Koch*, 96 F.3d at 1303); *see also Johnson v. Silvers*, 742 F.2d 823, 825
8   (4th Cir. 1984) (holding that the *pro se* plaintiff's allegations that the defendant acted under
9   color of state law in causing the plaintiff to take anti-psychotic drugs against his will stated
10  a "deprivation of liberty within the contemplation of 42 U.S.C. § 1983").  Construing
11  Plaintiff's *pro se* amended complaint liberally, as the Court is required to do under relevant
12  Ninth Circuit law, the Court concludes that Plaintiff has sufficiently alleged a constitutional
13  violation.

14       The state action requirement of § 1983 may be satisfied by a deliberate conspiracy
15  between a private entity and state actors.  There must be "an agreement or 'meeting of the
16  minds' to violate constitutional rights."  *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983)
17  (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)).  Plaintiff alleges that
18  Defendant conspired with law enforcement to violate his civil rights, one of which would be
19  the constitutional violation of deliberate poisoning.  General allegations must be presumed
20  to include the specific facts that would render them viable.  *See Peloza v. Capistrano Unified*
21  *Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994).  The Court concludes that Plaintiff has alleged
22  a sufficient agreement to satisfy the state action requirement of § 1983.

23       Liability of an employer under § 1983 cannot be premised on respondeat superior.
24  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978).  Plaintiff must either sue
25  individual Starbucks employees or allege a policy, practice, or custom of Defendant which
26  permitted the alleged constitutional violation to occur.  *See Christie v. Iopa*, 176 F.3d 1231,
27  1234 (9th Cir. 1999).  Although Plaintiff does not couch his allegations in these terms,
28  Plaintiff alleges that the actions directed toward him were part of a deliberate decision by

Defendant to cooperate with law enforcement in violating his rights. These allegations by a *pro se* litigant sufficiently allege a policy, practice, or custom to harm Plaintiff through doping.

Again, this is not the time to address the merits of Plaintiff's claims. The sole question is whether, on the basis of the pleadings, Plaintiff could prove a set of facts entitling him to relief. The Court concludes that Plaintiff would be entitled to relief if he proved the extraordinary facts alleged in the complaint with respect to his claim that Defendant violated § 1983 by conspiring with law enforcement to poison Plaintiff, and therefore must deny Defendant's motion with respect to this claim.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Dkt. #17) is **granted in part** and **denied in part**. The motion is granted with respect to Plaintiff's claims for slander and libel, participation in undercover operations and surveillance, and § 1983 violations with respect to these alleged wrongs. The motion is denied with respect to Plaintiff's claim for the tort of assault and battery and violation of § 1983 related to the alleged assault and battery.

2. The Court will set a Rule 16 scheduling conference by separate order.

DATED this 23rd day of March, 2007.

David G. Campbell
United States District Judge