**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Athans, Jr.,              ) | No. CV-06-1841-PHX-DGC |
|                                 ) | |
| Plaintiff,        ) | **ORDER** |
|                                 ) | |
| vs.                             ) | |
|                                 ) | |
| Starbucks Coffee Company,       ) | |
|                                 ) | |
| Defendant.       ) | |
|                                 ) | |

Defendant has filed a motion to dismiss Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. Dkt. #35. Plaintiff has filed a response and Defendant has filed a reply. Dkt. ##42-43. The Court will grant the motion.

**I.     Background.**

Plaintiff, proceeding pro se and in forma pauperis, commenced this action by filing a complaint against Defendant on June 26, 2006, in Arizona state court. Defendant removed the action to this Court on July 26, 2006. Plaintiff asserted various claims against Defendant and sought $100 million in compensatory damages and $50 million in punitive damages. Dkt. #1, Attach. 1.

Defendant filed a motion to dismiss the complaint for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Dkt. #5. The Court granted the motion, concluding that the complaint failed to provide any factual detail or legal basis for Defendant's alleged liability. The Court granted leave to amend. Dkt. #13.

1    Plaintiff filed an amended complaint on November 9, 2006. The complaint purports
2 to allege claims of conspiracy, slander, libel, illegal surveillance, undercover "sting"
3 operations, and unlawful "doping" of beverages. Dkt. #14.

4    Defendant moved to dismiss the amended complaint pursuant to Rule 12(b)(6). Dkt.
5 #17. The Court granted the motion with respect to Plaintiff's claims for slander and libel,
6 participation in undercover operations and surveillance, and § 1983 violations with respect
7 to these alleged wrongs. The Court denied the motion with respect to doping allegations that
8 stated a claim for assault and battery and a claim for violation of § 1983. The Court noted
9 that while Plaintiff's allegations seemed implausible, the Court was required to accept them
10 as true under Rule 12(b)(6). Dkt. #28.

11 **II.    Defendant's Motion to Dismiss Pursuant to 28 U.S.C. § 1915.**

12    28 U.S.C. § 1915 provides that the Court shall dismiss an in forma pauperis action
13 "at any time if the court determines that [the action] is frivolous or malicious[.]" 28 U.S.C.
14 § 1915(e)(2)(B)(i). Defendant argues that the amended complaint should be dismissed
15 because the factual allegations supporting Plaintiff's claims are fanciful, delusional, and
16 completely baseless. Dkt. #35. Plaintiff contends that this suit is not about money, that he
17 strongly believes in his claims, and that he should be afforded the opportunity to conduct
18 discovery and prove his claims at trial. Plaintiff also suggests that the Court found his claims
19 to have merit when it declined to dismiss them under Rule 12(b)(6). Dkt. #42.

20    The Court's previous ruling does not preclude a finding under § 1915 that this action
21 is frivolous. Rule 12(b)(6) and § 1915 have separate functions and confer on the Court
22 different powers to dismiss. "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis
23 of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). The rule
24 does not permit "dismissals based on a judge's disbelief of a complaint's factual allegations."
25 *Id.* at 327. Section 1915, by contrast, does not require the court "to accept without question
26 the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The
27 statute gives courts "the unusual power to pierce the veil of the complaint's factual
28 allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*,

1  490 U.S. at 327. The exercise of this power furthers the statute's goal of "discourag[ing] the
2  filing of, and waste of judicial and private resources upon, baseless lawsuits that paying
3  litigants generally do not initiate because of the costs of bringing suit[.]" *Id.*

4  Plaintiff alleges that law enforcement agents view him as "a stalker, serial killer,
5  woman dismemberer [sic], child molester, [and] government subversive." Dkt. #14 at 2. He
6  claims that Defendant has joined with law enforcement agencies and several other
7  commercial establishments in "a doping campaign" that administered "some sort of Anti-
8  Testosterone/chemical" to Plaintiff in order to prevent him from stalking. *Id.* at 3-4. Plaintiff
9  also claims that Defendant participated in "numerous undercover and illegal sting operations"
10 and that he overheard Starbucks employees say that a policeman had shown them "photos
11 of a compromising nature" of Plaintiff – photos that "could only have been obtained by
12 illegal in home surveillance." *Id.* at 1, 6 (emphasis in original).

13 With all due respect to Plaintiff, these allegations "rise to the level of [the] irrational"
14 and "wholly incredible[.]" *Denton*, 504 U.S. at 33. The amended complaint presents a
15 "fantastic and delusional scenario" in which Starbucks and law enforcement have conspired
16 to conduct surveillance of Plaintiff in his home and to administer drugs at various Starbucks
17 stores in order to prevent him from stalking and murdering women. *Golden v. Clinton*, No.
18 C 94-0499 EFL, 1994 WL 118280, at *1 (N.D. Cal. Mar. 23, 1994). No matter how
19 sincerely believed by Plaintiff, these allegations are simply too fantastic to warrant the
20 expenditure of further judicial and private resources.

21 The Court will exercise its discretion to dismiss this action under § 1915. *See id.*
22 (dismissing action alleging that various private and public officials had conspired to control
23 the plaintiff through electronic and "telemetric" devices); *Kierstead v. Suter*, 903 F. Supp.
24 801, 802-03 (D.N.J. 1995) (dismissing action alleging that the government had conducted
25 various biomedical studies on the plaintiff and had kept her under constant surveillance);
26 *Adams v. FBI*, No. C 06-07321 CRB, 2007 WL 627912, at *1-2 (N.D. Cal. Feb. 26, 2007)
27 (finding that the plaintiff had painted a "delusional portrait of extreme persecution" where
28 she alleged that she had been monitored through hidden cameras in her home and had her

blood drawn while rendered unconscious with a chemical substance).  The Court does so to discourage Plaintiff from filing baseless lawsuits at no cost to himself.  *See Neitzke*, 490 U.S. at 327.[1]

**IT IS ORDERED:**

1. Defendant's motion to dismiss (Dkt. #35) is **granted**.  Defendant's alternative motion for an expedited evidentiary hearing is **denied** as moot.

2. This action is **dismissed** as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

3. The Clerk shall **terminate** this action.

DATED this 11th day of June, 2007.

_____
David G. Campbell
United States District Judge

---

[1] Subsequent to the filing of this action, Plaintiff filed in forma pauperis suits against President Bush, the Department of Justice, and the FBI alleging similarly fanciful claims of conspiracy, slander, assault, and covert surveillance.  *See Athans v. U.S. Dep't of Justice*, No. CV-06-2433-PHX-MHM (D. Ariz. filed Nov. 12, 2006); *Athans v. Bush*, No. CV-07-687-PHX-ROS (D. Ariz. filed Mar. 29, 2007).